**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DANIEL E. SALLEY, )<br>)<br>Defendant. | <br><br><br><br>No. 01 CR 750-1<br><br>Wayne R. Andersen<br>District Judge |

## MEMORANDUM, OPINION AND ORDER

This case is before the court on the motion of defendant Daniel Eric Salley for emergency release pursuant to Federal Rule of Civil Procedure 60(b)(5). For the reasons stated below, defendant's motion for emergency release is denied.

## BACKGROUND

On or about February 9, 2006, a jury found Mr. Salley guilty of fifteen criminal counts. This conviction included two counts of attempted murder, six counts of use of a firearm during a felony crime of violence, three counts of assault, one count of hostage taking, one count of unlawful possession of a firearm subsequent to a misdemeanor conviction for domestic battery, and two counts of bank robbery. Following his conviction, this Court sentenced Mr. Salley to and uninterrupted term of life imprisonment plus one hundred thirty-two (132) years imprisonment to run consecutively to the term of life imprisonment. The terms of Mr. Salley's incarceration are specified in an eight (8) page document issued by this Court, entitled "Judgment in a Criminal Case" [#189] ("Judgment Form").

Among other provisions, the Judgment Form stipulates that Mr. Salley's costs of incarceration are waived due to his inability to pay. Although Mr. Salley was not responsible for

the costs of his incarceration, other monetary penalties were imposed on Mr. Salley. Such penalties include $3,493,182.30 in restitution and a $1,500 assessment. According to the Judgment Form, payment of the criminal monetary penalties, which include the restitution and the assessment, were due immediately and in full.

Mr. Salley had been detained and held without bond prior to, during, and after his trial. Shortly after the sentencing, Mr. Salley was committed to the custody of the United States Bureau of Prisons to begin serving his sentence.

Mr. Salley has filed the instant motion for emergency release pursuant to Federal Rule of Civil Procedure 60(b)(5) claiming that the judgment has been discharged. Mr. Salley partially bases his claim on information found in his Inmate Financial Responsibility report and his Sentence Monitoring Computation report. Both of these documents are generated by the Bureau of Prisons. Mr. Salley's motion for emergency release is currently before this court.

## **DISCUSSION**

Although Mr. Salley's motion is unclear and extremely difficult to decipher, he appears to claim that because certain documents from the Bureau of Prisons indicate that Mr. Salley's financial obligations may have been waived due to his inability to pay, his complete judgment and sentence issued by this Court have been fulfilled even though the term of life imprisonment plus the consecutive 132 years have not yet been served. Thus, Mr. Salley believes that he is entitled to immediate release from the Bureau of Prisons.

After a thorough review of Mr. Salley's motion and investigation of his claims, we find that Mr. Salley's motion is without merit. First, we note that Mr. Salley has inappropriately filed this motion under Federal Rule of Civil Procedure 60(b)(5), a rule which pertains to civil cases, and is inapplicable to criminal cases.

Moreover, it is clear from the motion, record and documents presented that Mr. Salley is not entitled to release from the Bureau of Prisons. Mr. Salley was tried and convicted on fifteen criminal counts, for which he is serving a life sentence plus one hundred thirty-two years in prison. The Judgment Form outlines his sentence and stipulates the amount of time served, how much Mr. Salley owes in monetary penalties, and which financial obligations were waived. Pursuant to his sentence, Mr. Salley was committed to the custody of the Bureau of Prisons to serve his time.

Naturally, the Bureau of Prisons must maintain its own records to monitor and administer an inmate's sentence as handed down by a court. Attached to his motion is Mr. Salley's Inmate Financial Responsibility report as well as his Sentencing Monitoring report. These two reports are created and maintained by the United States Bureau of Prisons. There is nothing in the Bureau of Prison documents which indicate that Mr. Salley's sentence has been discharged or that no judgment exists against Mr. Salley, as alleged in his motion. Even if the documents created by the Bureau of Prisons and produced by Mr. Salley contain language suggesting that Mr. Salley's judgment has been discharged or that no judgment exists against Mr. Salley, such documentation produced by the Bureau of Prisons would not supersede Mr. Salley's valid sentence as handed down by this Court. Mr. Salley is to fulfill the sentence handed down by this Court as described in the Judgment Form. Currently, Mr. Salley's sentence has not been discharged or released. Consequently, Mr. Salley's motion for emergency release pursuant to Rule 60(b)(5) is denied.

## **CONCLUSION**

For the aforementioned reasons, Mr. Salley's motion for emergency release [# 191] is denied. It is so ordered.

_____
Wayne R. Andersen
United States District Court

Dated: July 29, 2009